IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GENETIC TECHNOLOGIES LIMITED,

                OPINION AND ORDER

          Plaintiff,

                10-cv-69-bbc

    v.

INTERLEUKIN GENETICS INCORPORATED,
ORCHID CELLMARK, INC., PIC USA, INC.,
PIONEER HI-BRED INTERNATIONAL, INC.
and SUNRISE MEDICAL LABORATORIES,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Sunrise Medical Laboratories has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Dkt. #68. Plaintiff Genetic Technologies Limited is an Australian corporation suing each of the defendants for infringing United States Patent No. 5,612,179, which discloses "methods of analysis of non-coding DNA sequences." Cpt. ¶ 2, dkt. #2. With respect to defendant Sunrise, plaintiff alleges that defendant "offers and provides one or more genetic testing services that utilize the methods set forth in one or more claims of the '179 patent." Id. at ¶ 32. The problem for plaintiff is that defendant Sunrise conducts that testing in New York, not Wisconsin. The only

1

contact with this state that plaintiff identifies is that defendant purchases testing kits that are made here. Because purchasing a product does not amount to purposeful availment of the benefits and protections of Wisconsin's laws, defendant's motion to dismiss will be granted.

OPINION

The general framework for answering questions of personal jurisdiction is well established. The plaintiff has the burden to show that subjecting the defendant to suit in this state is consistent with both Wisconsin's long arm statute, Wis. Stat. § 801.05, and the due process clause. Trintec Industries, Inc. v. Pedre Promotional Products, Inc., 395 F.3d 1275, 1279 (Fed. Cir. 2005). Because I am concluding that plaintiff has failed to meet its burden with respect to the due process clause, it is unnecessary to consider the requirements of the long arm statute.

Federal Circuit law controls with respect to the application of the due process clause, Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564-65 (Fed. Cir.1994), but this makes little difference because "[b]oth the Federal and Seventh circuits apply the same general standards for determining personal jurisdiction as set forth by the Supreme Court." Ricoh Co., Ltd. v. Asustek Computer, Inc., 481 F. Supp. 2d 954, 957 (W.D. Wis. 2007). When the court does not hold an evidentiary hearing, the plaintiff meets its burden by

2

making out a prima facie case. Pennington Seed, Inc. v. Produce Exchange No. 299, 457 F.3d 1334, 1344 (Fed. Cir. 2006).

Under the due process clause, the general question is whether the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). Contacts are not sufficient unless the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Stated another way, the question is whether the defendant has obtained a benefit from Wisconsin or inflicted an injury on one of its citizens that would lead one to reasonably anticipate being haled into court here. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

In this case, plaintiff argues that defendant Sunrise is subject to "specific jurisdiction" in Wisconsin. This type of jurisdiction requires a showing that "the defendant purposefully directed its activities at residents of the forum" and that "the claim arises out of or relates to those activities." Avocent Huntsville Corp. v. Aten International Co., Ltd., 552 F.3d 1324, 1332 (Fed. Cir. 2008). Even if the plaintiff makes these showings, a court may decline to exercise personal jurisdiction if doing so would be unreasonable or unfair. Id.

3

Plaintiff does not include any specific allegations regarding personal jurisdiction in its complaint. It simply alleges generally that each defendant has "committed such purposeful acts and/or transactions in Wisconsin that they reasonably knew and/or expected that they could be haled into court as a future consequence of such activity." Dkt. #2, at ¶ 12. That type of conclusory allegation would not be enough to satisfy pleading standards under Fed. R. Civ. P. 8, Bell Atlantic, Inc. v. Twombly, 550 U.S. 544 (2007), let alone make out a prima facie showing that exercising personal jurisdiction over defendant Sunrise would be appropriate.

In support of its motion, defendant Sunrise has submitted the declaration of Robert Gold, who serves as general counsel for defendant. (Gold is not representing defendant in this case.) Gold avers that defendant "operates a medical laboratory providing clinical and anatomical pathology testing for physicians and their patients." Gold Decl. ¶ 2, dkt. #70. Defendant is incorporated in New York, where its headquarters are and all of its "service centers." Id. Defendant does not advertise outside New York. Id. at ¶ 3. Gold denies that defendant has many of the types of contact that ordinarily satisfy due process:

> Sunrise is not registered to do business in Wisconsin, does not own property in Wisconsin, does not maintain any offices or have any employees located in Wisconsin, does not have an agent for service of process in Wisconsin, does not perform any genetic or any other testing services in Wisconsin, and does not provide services for, or do any business with any hospital, clinic or physician located in Wisconsin.

4

Id. at ¶ 8.

In its opposition brief, plaintiff points to defendant Sunrise's relationship with Third Wave Technologies, Inc., which is located in Madison, Wisconsin. Testing kits purchased by defendant from Third Wave are manufactured in Wisconsin.

As defendant Sunrise points out, the general rule in the Seventh Circuit is that the purchase of a product in the forum state is not enough to justify the exercise of jurisdiction, even if that purchase is related to the lawsuit. Federated Rural Electric Insurance Corp. v. Inland Power and Light Co., 18 F.3d 389, 395 (7th Cir. 1994) ("The purchase of goods or insurance from the forum state alone is an insufficient foundation upon which to assert personal jurisdiction."); Jadair, Inc. v. Walt Keeler Co., Inc., 679 F. 2d 131, 134 (7th Cir. 1982) (exercise of personal jurisdiction not consistent with due process clause when "defendant['s] sole contact with a state is that his seller's place of business is located there"); Lakeside Bridge & Steel Co. v. Mountain State Construction Co., 597 F.2d 596 (7th Cir. 1979) ("ordering of goods from a Wisconsin company with knowledge that they were likely to be manufactured in Wisconsin and shipped from there" not sufficient). See also Future Technology Today, Inc. v. OSF Healthcare Systems, 218 F.3d 1247, 1251 (11th Cir. 2000) ("[T]his Court cannot conclude [that] a strong state interest [exists] in haling people into Florida courts from all over the country for entering into one service arrangement, over the telephone without ever setting foot in Florida."); Hydrokinetics, Inc. v. Alaska Mechanical,

Inc., 700 F.2d 1026, 1031 (5th Cir.1983) (purchase of goods known to be manufactured in Texas and payment of goods were not enough establish personal jurisdiction); "Automatic" Sprinkler Corp. of America v. Seneca Foods Corp., 361 Mass. 441, 280 N.E.2d 423, 424 (1972) (no personal jurisdiction over New York defendant that signed purchase order to buy goods from Massachusetts seller, mailed purchase order to Massachusetts, received invoice from Massachusetts and sent check to Massachusetts).

These cases are in contrast to those in which courts have held that making *sales* in the forum state may establish minimum contacts. E.g., Logan Productions, Inc. v. Optibase, Inc., 103 F.3d 49, 54 (7th Cir. 1996); Beverly Hills Fan, 21 F.3d at 1571; Langeman Manufacturing, Ltd. v. Pinnacle West Enterprises, 524 F. Supp. 2d 1112, 1119 (W.D. Wis. 2007). This distinction between buying and selling makes sense because the general question is whether the defendant has "purposely availed" itself of the "benefits and protections" of the forum state's laws. When a company solicits a state's residents to buy its products, it is specifically targeting that state and receiving benefits from it. A company that purchases a product that happens to be made in Wisconsin is not expressly targeting that state or receiving a financial benefit. As noted by the court in Lakeside, 597 F.2d at 603, the product's origin is incidental to the buyer and under the "absolute control" of the seller. In other words, a person would not "reasonably anticipate being haled into court" simply by buying a product made in a particular state. If the rule were otherwise, a person

6

could be sued in a different state every time she made a purchase.

Although defendant Sunrise relied on Lakeside in its opening brief, plaintiff does not attempt to distinguish the case, argue that the Court of Appeals for the Federal Circuit would have decided the case differently or cite any case law in which a court determined that it was appropriate to exercise personal jurisdiction under facts similar to those in this case. Instead, plaintiff cites Akro Corp. v. Luker, 45 F.3d 1541, 1547 (Fed. Cir. 1995), for the proposition that "the plaintiff need not be the forum resident toward whom any, much less all, of the defendant's relevant activities were purposefully directed." This is true, but unhelpful because plaintiff has not shown that defendant Sunrise "purposefully directed" activities toward *any* Wisconsin residents. In Akro, 45 F.3d at 1546, the connection with the forum state was not the purchase of a product, but an exclusive licensing agreement that the defendant solicited from a company in the forum state and several threats of litigation defendant made to the plaintiff in the forum state.

Plaintiff argues that it may be inferred that Third Wave provides "significant support services" to defendant Sunrise because Third Wave's website offers "a wide range of value-added services" to its customers. Plt.'s Br., dkt. #87, at 5. Plaintiff cites no authority to support the view that receiving support services from Wisconsin would be enough to justify the exercise of personal jurisdiction in this state. Applied Underwriters, Inc. v. Empo Corp., No. 4:07CV3145, 2007 WL 2949571, *6 (D. Neb. Oct. 10, 2007) ("[C]ustomer service

calls, by their nature, cannot be used to establish personal jurisdiction over the defendant.") In any event, defendant Sunrise's director of technical operations avers that defendant receives support for Third Wave's products by contacting Third Wave's parent company at a New Jersey phone number or by receiving on-site service by the technician assigned to defendant's geographic area. Thomas Decl. ¶¶ 3-5, dkt. #87. Plaintiff does not cite any contrary evidence suggesting that defendant receives support from Wisconsin.

Finally, plaintiff relies on its allegation that defendant Sunrise's use of Third Wave's testing kit violates the '179 patent. Dkt. #2, at ¶ 32. This does not help plaintiff because defendant does not *use* the kit in Wisconsin; the use occurs at defendant's labs in New York. Plaintiff does not allege that defendant's mere *purchase* of the kit is an infringing act, nor could it. 35 U.S.C. § 271(a) (infringement occurs whenever party "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention"). Although defendant Sunrise would not be able to test the kit "but for" its purchase of the kit, that kind of causal connection is not enough. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1278 (7th Cir. 1997) (fact that defendant would not have been performing the task that subjected him to liability but for his previous contacts with plaintiff in Illinois was loose causal connection that did not provide basis for personal jurisdiction). See also O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 322 (3d Cir. 2007) ("But-for causation cannot be the sole measure of relatedness because it is vastly

8

overinclusive in its calculation of a defendant's reciprocal obligations. The problem is that it has . . . no limiting principle; it literally embraces every event that hindsight can logically identify in the causative chain.") (internal quotations omitted).

In the alternative, plaintiff asks for "limited jurisdictional discovery" on the question of defendant Sunrise's Wisconsin contacts. That request will be denied. Discovery is appropriate when the plaintiff has a made a threshold showing that further investigation is reasonably likely to uncover contacts with the state sufficient to satisfy the due process clause. GCIU-Employer Retirement Fund v. Goldfarb Corp., 565 F.3d 1018, 1026 (7th Cir. 2009) ("In order to garner discovery, '[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction.'") (quoting Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 946 (7th Cir. 2000)). It is not appropriate to allow the plaintiff to go on a fishing expedition when it did not have a good faith basis for believing before it filed suit that defendant Sunrise could be sued here.

ORDER

IT IS ORDERED that defendant Sunrise Medical Laboratories, Inc.'s motion to dismiss under Fed. R. Civ. P. 12(b)(2), dkt. #68, is GRANTED. Plaintiff Genetic Technologies Limited's complaint, dkt. #2, is DISMISSED as to defendant Sunrise for lack

9

of personal jurisdiction.

Entered this 9th day of August, 2010.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge