IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GENETIC TECHNOLOGIES LIMITED,

                Plaintiff,

      v.

INTERLEUKIN GENETICS INCORPORATED,
ORCHID CELLMARK, INC., PIC USA, INC.,
and PIONEER HI-BRED INTERNATIONAL, INC.,

                Defendant.

OPINION AND ORDER

10-cv-69-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this patent infringement lawsuit, plaintiff Genetic Technologies, Ltd. contends that defendant PIC USA developed genetically engineered pig lines using a patent that infringes one of plaintiff's patents, United States Patent No. 5,612,179 (the '179 patent).  (I will refer to defendant PIC USA simply as "defendant" for the remainder of the opinion because it is the only defendant relevant to this motion.)  Defendant has asserted affirmative defenses and counterclaims.  In count II of defendant's counterclaim, defendant requested a declaratory judgment of "invalidity/unenforceability" of plaintiff's patent.  Plaintiff has moved to dismiss defendant's "unenforceability" counterclaim for failing to satisfy the pleading standards of Fed. R. Civ. P. 9(b) or, in the alternative, for a more definitive

1

statement pursuant to Fed. R. Civ. P. 12(e).  These motions are ready for decision.

Defendant does not specify in its counterclaim what it means by "unenforceability."
In its opening brief, plaintiff assumed defendant was raising a claim of  inequitable conduct
and argued that defendant must plead the claim with particularity under Fed. R. Civ. P. 9(b).
In its brief in opposition, plaintiff argued that it did not have to satisfy Rule 9(b) because
"the doctrine of unenforceability is broader than, and does not necessarily include,
inequitable conduct."  Dft.'s Br., dkt. #99, at 4.

I am granting plaintiff's motion to dismiss.  Even if I assume that Rule 9(b) does not
apply, defendant has failed to allege sufficient facts to satisfy the pleading requirements of
Rule 8 by providing only legal conclusions that the patent is unenforceable.  This makes it
unnecessary to decide the request for a more definitive statement.


OPINION

A motion to dismiss does not test the merits of a pleading but rather the sufficiency
of its allegations.  Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).  The
court must accept as true well-pleaded factual allegations, drawing all reasonable inferences
in favor of the pleading party.  Moranski v. General Motors Corp., 433 F.3d 537, 539 (7th
Cir. 2005).

The question before the court is whether defendant has stated a claim upon which

relief may be granted with respect to defendant's "unenforceability" counterclaim.  This determination requires an examination of Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The pleading must contain sufficient factual allegations to make the party's claim for relief plausible on its face and "raise the right to relief above the speculative level."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  A party may not offer mere conclusions or formulaic recitations of the elements of a cause of action as the short and plain statement entitling him to relief.  Twombly, 550 U.S. at 555.

Defendant's counterclaim for "unenforceability" fails to meet this standard.  The only allegation related to this counterclaim is that, "[t]he claims believed to be at issue in this case are all invalid and/or unenforceable under one or more of 35 U.S.C. § 101, 102, 103 and 112."  Dkt. #64, at 7.  At no point does defendant allege any facts that would suggest why the patent may be unenforceable.  The court cannot treat this conclusory statement as true.

In defendant's opposition to plaintiff's motion to dismiss, defendant says that its claim "encompasses a number of theories," but does not reveal under which theory it is entitled to relief.  The pleader "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law."  Swanson v. Citibank, --- F.3d. ----, 2010 WL 2977297, at *2 (7th Cir. July 30, 2010).

3

Defendant relies on the bare assertion that the claims are unenforceable.  Such assertions, unsupported by additional factual allegations, cannot satisfy Rule 8.  Defendant is free to submit an amended counterclaim in accordance with the scheduling order and Fed. R. Civ. P. 15 if it obtains facts supporting this claim after discovery.


ORDER

IT IS ORDERED that the motion to dismiss filed by plaintiff Genetic Technologies, dkt. # 73, is GRANTED. Defendant PIC USA, Inc.'s counterclaim is DISMISSED without prejudice with respect to defendant's claim of "unenforceability."

Entered this 24th day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4